309 P.2d 993

Manuel MEDLEY, d/b/a Medley's,
Plaintiff-Appellant,

v.

EMPLOYMENT SECURITY COMMISSION
OF NEW MEXICO, Defendant-
Appellee.

No. 6109.

Supreme Court of New Mexico.

March 13, 1957.

Rehearing Denied May 2, 1957.

F. Gordon Shermack, Melvin T. Yost, Santa Fe, for appellant.

A. M. Frazier, Albuquerque, for appellee.

KIKER, Justice.

From 1942 until 1950 plaintiff and his brother, as a partnership, owned and operated several small business establishments at Santa Rosa. The partnership was an employing unit subject to the provisions of the unemployment compensation laws of this state, with which it had complied.

In 1950 plaintiff bought out his brother's one-half interest, and, as a sole proprietor, continued the business operations previously carried on by both. He applied to the Employment Security Commission for transfer to him of the unemployment compensation experience credit rating earned by the predecessor partnership.

The commission denied the request and treated plaintiff as a new employer, on the ground that Commission Regulation 7–B, then in effect, required that a transfer would be made only where 51% of the interests comprising the ownership or control of the predecessor employer and of the successor are identical.

Plaintiff filed suit for mandatory injunction against the commission, asking that it be directed to reduce plaintiff's rate of contribution and that it make restitution of the overpayments. A pre-trial conference limited the issues to the question of fact as to ownership and control by the predecessor partnership, and the question of law whether plaintiff was entitled to succeed to the experience credit rating of the partnership.

The effect of the transfer of an experience credit rating is that the successor employing unit may enjoy a lower rate of contribution, or be entitled to such lower rate at an earlier date, than would be true if it were to start afresh as a new employing unit and pay the standard rate.

The trial court made findings and conclusions in favor of defendant commission, and judgment was entered for the commission. Plaintiff has appealed therefrom.

The first point made is that, by reason of the provisions of § 57–807(c) (6), NM SA, 1941 Comp., then in effect, plaintiff was entitled to succeed to the experience credit rating of the predecessor partnership of which he was 50% owner and claimed to be managing partner. The section material to this case reads:

"(6) For the purposes of this subsection two (2) or more employing units which are parties to or the subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form shall be deemed to be a single employing unit if the commission finds that * * * (b) immediately after such change such successor is owned or controlled by substantially the same interests as the predecessor employing unit or units. * * *"

It should be noted that this requirement has since been eliminated from the statutes, and the situation in this case should not arise again. Laws 1953, Ch. 121, § 5.

■ Plaintiff's contention is that the successor employing unit is owned or controlled by substantially the same interests as the predecessor employing unit. He argues that he was the managing partner, and that this is a factor which, taken together with his one-half ownership, satisfies the statutory requirement. The trial court found,

however, that both partners were active in the business and that neither, by any agreement that was before the court had surrendered to the other the exclusive or major control and direction of the business of the partnership. The issue was a disputed one, and the court's finding was supported by substantial evidence. We are bound by that finding. Absent a legally enforceable agreement, even if one partner were in fact passive, he was still possessed of the legal power to exert an equal right of control and direction over the affairs of the partnership. Arado v. Keitel, 353 Mo. 223, 182 S.W.2d 176.

■ The statutory phrase "owned or controlled by substantially the same interests" has been considered by other courts. It has been held to require that the ownership or control be legally enforceable ownership or control. In no case cited to us by plaintiff, and in none we have been able to discover, was equal ownership or equal right of control, or less, found to meet the statutory requirement. Arado v. Keitel; Department of Employment Security of Colorado v. General Cleaners and Dyers, Inc., 128 Colo. 298, 263 P.2d 574; Lindley v. Murphy, 387 Ill. 506, 56 N.E.2d 832; State ex rel. Oklahoma Employment Security Comm. v. Parrish, 201 Okl. 488, 208 P. 2d 572; Billett v. Gordon, 389 Ill. 454, 59 N.E.2d 812; Annotation, 22 A.L.R.2d 673.

We are unable to say that the statutory phrase, as it stood, required by its own terms that one-half ownership or control was ownership or control by "substantially the same interests". The matter was subject to administrative regulation by the commission, as provided for in the governing statutes.

█ Plaintiff next urges that Regulation 7–B, requiring 51% ownership or control, was not published as provided by law and is therefore void and of no effect. The section of the act concerning publication is still in effect and is found at § 59–9–11(a), NMSA 1953, as follows:

"* * * Such rules and regulations shall be effective upon publication with the provisions of this act, which the commission shall prescribe. * * *"

§ 59–9–11(b) states that general and special rules shall be adopted only after notice and hearing, the notice to be published, and makes provision as to their effective dates. The section then states:

"* * * Regulations may be adopted, amended, or rescinded by the commission and shall become effective in the manner and at the time prescribed by the commission. * * *"

Regulation 7–B, as admitted in evidence, has a notation at the bottom following the text, as follows: "Amended February 25, 1949. Effective April 1, 1949." It was stipulated by the parties that no notice by publication was given of the adoption of this regulation.

Plaintiff made no showing that the commission had prescribed any particular mode of adopting regulations and which was not followed in this instance, or that the adoption of Regulation 7–B was in any way irregular. We must agree with the trial court's conclusion of law, as follows:

"The regulation referred to is not repugnant to the statute and does not improperly enlarge upon or vary the meaning and intent of the statute, but is properly supplementary thereto and was properly promulgated under the statutory authority granted to the commission. The Regulation was, at the time material to this case, in full force and effect."

█ Finally, plaintiff argues that the regulation is arbitrary, capricious, unreasonable, and void, and the application of the regulation to this case deprives plaintiff of his property without due process of law, contrary to constitutional provisions. It was within the power of the commission

330

to make regulations in pursuance of its administration of the law, and we cannot say that the regulation here made was not within the purview of the authority granted by the legislature. The regulation requires a simple majority of ownership or control, nothing more, or a written agreement between equal partners that one of them shall exercise the majority control and direction of affairs. We cannot say that such a provision is arbitrary, capricious or unreasonable.

If the equities of the situation could be considered by us, our sympathies might well lie with plaintiff. It does appear that the legislature has since seen fit to drop the ownership and control requirement from the law, and now to base transfers upon carryover of employment by the business. Nevertheless, Regulation 7–B was not unreasonable under the statute then in effect, and plaintiff is bound by its terms. His position is a hard one, but we cannot improve it by judicial legislation.

The judgment of the district court should be affirmed. It is so ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

McGHEE, J., not participating.